CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 06 2012

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY LEE PEOPLES, ) | MEMORANDUM OPINION |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 7:11-CV-00573 |
| v. ) | |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: James C. Turk |
| ) | Senior United States District Judge |
| Respondent. ) | |

Danny Lee Peoples ("Petitioner" or "Peoples"), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Peoples challenges the validity of his confinement pursuant to the 2009 judgment of the Circuit Court of Carroll County revoking his probation. Respondent filed a Motion to Dismiss (ECF No. 8), and Peoples responded (ECF No. 12), making the matter ripe for disposition. After review of the record, the court grants the motion to dismiss Peoples' claims as time-barred.

I.

In June 2005, Peoples pled guilty to possession of a Schedule II drug and was given a three-year suspended sentence by the Circuit Court of Carroll County. On January 7, 2009, Peoples pled guilty in federal court to a charge of conspiracy to possess with intent to distribute more than 50 grams of cocaine; he was sentenced to 120 months imprisonment. The conviction constituted a violation of Peoples' state probation and led the state court to hold a revocation hearing on February 12, 2009. On April 16, 2009, the state court entered final judgment revoking

Peoples' suspended sentence and imposing a term of one year and six months, to be served consecutive to his federal sentence.[1] Peoples did not appeal.

Peoples filed a petition for a writ of habeas corpus with the Circuit Court for Carroll County on December 9, 2009, which that court denied on April 20, 2010. Peoples subsequently filed a Notice of Appeal with the Court of Appeals of Virginia, which transferred the case to the Supreme Court of Virginia. After dismissing and subsequently granting a rehearing, the Supreme Court of Virginia dismissed Peoples' petition for appeal on April 1, 2011. Petitioner then filed this petition on November 18, 2011, seeking relief pursuant to 28 U.S.C. § 2254.

In his § 2254 petition, Peoples alleges that he was denied the effective assistance of counsel in his state revocation proceedings. Specifically, he points to (1) counsel's alleged failure to adequately inform the court about the adverse effects of a consecutive sentence on Peoples' ability to participate in federal drug rehabilitation programs, and (2) counsel's failure to appeal the revocation judgment, despite Peoples' request that he do so.

## II.

### A. Statute of Limitations

Habeas petitions filed under § 2254 are subject to a one-year period of limitation that begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] It is unclear whether the trial court ordered the sentence to run consecutive to or concurrent with Petitioner's federal sentence. Petitioner alleged that the sentence was to be served consecutive to his federal sentence. ECF No. 1, at 3; see also Letter from Va. Dep't of Corr. to Inmate Sys. Manager, Fed. Med. Ctr. (Aug. 5, 2009), ECF No. 12. Respondent, however, notes that the "revocation order entered by the state circuit court said nothing one way or the other regarding whether the sentence imposed at that time was to run consecutively or concurrently with any federal term." ECF No. 10, at 6-7. At this time, the record from the Circuit Court of Carroll County is not available to this Court. Regardless, whether the sentence imposed runs concurrently or consecutively has no impact on this Court's ruling that the Motion to Dismiss must be granted on procedural grounds.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment becomes final—when the petitioner has exhausted his opportunities to seek direct review or when the time to do so has expired. See 28 U.S.C. § 2244(d)(1)(A).

The state court sentenced Peoples on April 16, 2009, and his time to appeal expired 30 days later, making the state judgment final on May 18, 2009. See Va. Sup. Ct. R. 5:14. Irrespective of any tolling, Peoples then had one year to petition this court for relief under § 2254. Unless a statutory tolling provision or equitable tolling applies to Peoples' petition dated November 18, 2011,[2] it is untimely filed under § 2244(d)(1).

## B. Tolling Issues

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." "[An] application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes the prescribed "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4,

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases.

3

8 (2000). Peoples' state habeas corpus petition appears to have complied with these requirements, and Respondent does not challenge such compliance.

The state court's judgment became final on May 18, 2009. A total of 205 days then elapsed until Peoples tolled the limitations period by filing of a habeas petition with the state court on December 9, 2009. The period remained tolled during the pendency of the habeas proceedings and the habeas appeal, until the Supreme Court of Virginia dismissed the petition for appeal on April 1, 2011. Another 231 days elapsed between April 1, 2011 and November 18, 2011, when Peoples filed this § 2254 petition. Accordingly, 436 days passed before Peoples filed this petition, making it 71 days late under the one-year period of limitations contained in 28 U.S.C. § 2244(d)(1)(A).

Although Peoples has not expressly sought the benefit of equitable tolling, the Court nonetheless considers whether he is entitled to it. Equitable tolling is only available in federal habeas where the petitioner shows: (1) he pursued his rights with reasonable diligence, and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. See Holland v. Florida, __U.S.__, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only warranted in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Upon a review of the record, the only possible basis for any argument that Peoples is entitled to equitable tolling is the allegation that his attorney did not directly appeal the revocation judgment as he directed and that this caused his conviction to become final earlier than it otherwise would have. The court concludes, however, that even assuming that his counsel failed to file an appeal as directed, this failure does not entitle Peoples to equitable tolling. Even

if Peoples was not immediately aware of his attorney's failure to file an appeal, Peoples knew or should have known of counsel's failure to appeal after writing to the circuit court judge on May 18, 2009, who replied on June 8, 2009. See ECF No. 1, Exs. A and B. Peoples offers no other explanation for his 205-day delay in filing a state habeas petition nor his 231-day delay in filing this petition. Certainly, Peoples has not shown that he exercised reasonable diligence in pursuing his rights or that any extraordinary circumstance prevented him from filing a timely state habeas petition or a timely § 2254 petition. Therefore, the Court concludes that he is not entitled to equitable tolling.

### III.

In conclusion, the Court **GRANTS** the Motion to Dismiss and hereby **DISMISSES** the § 2254 petition upon finding that Petitioner's claims are procedurally barred from review on the merits because they are untimely filed under § 2244(d)(1)(A), and because he fails to demonstrate any ground for statutory or equitable tolling of the limitation period under this section. An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this Court issues a certificate of appealability ("COA"), pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). To warrant a COA as to claims that a district court rejects solely on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. 473, 484 (2000) (emphasis added).

Based on the above standards, the Court concludes that Peoples is not entitled to a COA. Reasonable jurists could not debate the Court's conclusion that his petition is time-barred and that he is not entitled to equitable tolling. Nor could they debate that Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." The Court therefore declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. If Petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Petitioner and to counsel of record for Respondent.

ENTER: This 6th day of December, 2012.

_____
Senior United States District Judge